IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELWIN DAVIS, II | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:16-cv-1946 |
| | § | |
| FIRSTFLEET, INC. | § | JURY REQUESTED |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, FIRSTFLEET, INC., and hereby gives notice of its removal of Cause No. 2016-37282 filed in the 333rd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1.      On or about January 20, 2015, Plaintiff rear-ended a parked FirstFleet, Inc.'s tractor near the 16800 block of Sugar Pine Drive in Harris County, Texas.  Plaintiff claims he was injured as a result of this collision and filed suit in state court.

2.      Plaintiff filed suit in state court on June 3, 2016.  Service of Citation and Petition was made on counsel for FirstFleet, Inc. on June 10, 2016.  In Plaintiff's Petition there is a monetary claim for damages in an amount greater than $1,000,000, which exceeds the jurisdictional minimum.  The case has been on file for less than one year.  Removal is both timely and appropriate.

### Basis for Removal and Jurisdiction

3.      This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction,

may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $1,000,000.00.

**Full Diversity Between the Parties**

*Complete Diversity of Citizenship*

4.      To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties as the Plaintiff is a exas citizens and Defendant is not a Texas corporation.

5.      Plaintiff, Delwin Davis, II, is a resident and citizen of the State of Texas.

6.      Defendant, FirstFleet, Inc. is incorporated in Tennessee and has its principal place of business in Murfreesboro, Tennessee.

*Amount in Controversy*

8.      In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

9.      Plaintiff is seeking more than $1,000,000.00 in damages, as stated in his Petition.

**Removal is Timely and Appropriate**

10.      If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove. 28 U.S.C. § 1446(b). A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds. 28 U.S.C. § 1446(b). When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity. *S.W.S. Erectors, Inc. v.*

*Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's Pleading voluntarily asserts an amount in controversy in excess of $75,000.00. This removal is filed within the thirty (30) days of the service of Plaintiff's Petition. The removal is both timely and appropriate.

## Jury Demanded

11.    Defendant requests that the case be tried before a jury.

## Consent of Served Defendant

12.    Defendant FirstFleet, Inc. has been properly served and consents to this removal.

## Compliance with Local Rule and Notice Requirements

14.    Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

> Exhibit A............List of State Court Filings
>
> Exhibit B............Civil Process Request
>
> Exhibit C............Civil Case Information Sheet
>
> Exhibit D............Plaintiff's Original Petition and Requests for Disclosure
>
> Exhibit E............Return of Citation with affidavit

Defendant knows of no orders signed by the state judge.

15.    Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff. A true and correct copy of this Notice of Removal will also be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim
FBN: 14206
SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
FIRSTFLEET, INC.

## CERTIFICATE OF SERVICE

On this 1st day of July, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Jason Webster
**THE WEBSTER LAW FIRM**
6200 Savoy Drive, Ste. 150
Houston, TX 77036
filing@thewebsterlawfirm.com

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DELWIN DAVIS, II | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-1946 |
| | § | |
| FIRSTFLEET, INC. | § | JURY REQUESTED |

## INDEX OF MATTERS BEING FILED

Defendant, FIRSTFLEET, INC., in connection with the removal of this case to the United

States District Court for the Southern District of Texas, Houston Division, files its index of matters,

as follows:

        Exhibit A............List of State Court Filings

        Exhibit B............Civil Process Request

        Exhibit C............Civil Case Information Sheet

        Exhibit D............Plaintiff's Original Petition and Requests for Disclosure

        Exhibit E............Return of Citation with affidavit

                     Respectfully submitted,

                     /s/ Roger D. Oppenheim

                     Roger D. Oppenheim
                     FBN: 14206
                     SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com

ATTORNEY FOR DEFENDANT
FIRSTFLEET, INC.

## CERTIFICATE OF SERVICE

On this 1st day of July, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Jason Webster
**THE WEBSTER LAW FIRM**
6200 Savoy Drive, Ste. 150
Houston, TX 77036
filing@thewebsterlawfirm.com

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim

**HCDistrictclerk.com**   DAVIS, DELWIN II vs. FIRSTFLEET INC                     6/29/2016
Cause: 201637282     CDI: 7     Court: 333

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 70791606 | Citation-Firstfleet Inc. | | 06/22/2016 | 2 |
| 70551682 | Civil Process Pick-Up Form | | 06/06/2016 | 1 |
| 70442897 | Plaintiff's Original Petition and Request for Disclosure | | 06/03/2016 | 6 |
| -> 70442898 | Civil Case Information Sheet | | 06/03/2016 | 2 |
| -> 70442899 | Civil Process Request | | 06/03/2016 | 2 |



DEFENDANT'S EXHIBIT
ALL-STATE LEGAL®
A

**CIVIL PROCESS REQUEST**

2016-37282 / Court: 333

6/3/2016 4:41:49 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10973730
By: CUERO, NELSON
Filed: 6/3/2016 4:41:49 PM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):  **Plaintiff's Original Petition and Request for Disclosure**

FILE DATE OF MOTION: _____   06/03/2016 _____
                                     Month/   Day/   Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: First Fleet, Inc.

    ADDRESS: 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104-3821

    AGENT, (if applicable): CT Corporation System

    TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

    **SERVICE BY** (check one):
    ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
    ☒ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Court Record Research  Phone: 713-227-3353
    ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
    ☐ **PUBLICATION:**
       Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    ☐ **OTHER,** explain _____

*********************************************************************************************

****

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

    TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

    **SERVICE BY** (check one):
    ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**

    ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____

    ☐ **MAIL**                                ☐ **CERTIFIED MAIL**

    ☐ **PUBLICATION:**
       Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    ☐ **OTHER,** explain _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Jason C. Webster _____   TEXAS BAR NO./ID NO. 24033318

MAILING ADDRESS: 6200 Savoy Drive, Suite 150, Houston, Texas 77036

PHONE NUMBER: __713__   __581-3900__   FAX NUMBER: __713__   __581-3907__
                area code  phone number               area code   fax number

EMAIL ADDRESS: filing@thewebsterlawfirm.com



Page 1 of 2

CIVC102 Revised 9/3/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
    ORDER TO: _____
                    (specify)

    MOTION TO: _____
                    (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/3/99

CONFIRMED FILE DATE: 6/6/2016



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED __ hl __

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2 0 1 6   3 7 2 8 2

ATY _____       CIV __✓__      COURT __333__

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|

*ATTORNEY: Jason Charles Webster      PH: 713 581 3900

*CIVIL PROCESS SERVER: Court Record Research #107

*PHONE NUMBER: 713 227 3353

*PERSON NOTIFIED SVC READY: Erin

* NOTIFIED BY: *Nelson Cuero*

DATE: 6/6/16

Type of Service Document: __CITCN__       Tracking Number __73254364__

Process papers prepared by: *Nelson Cuero*

Date: __Monday, June 06, 2016__ 30 days waiting __07 - 06 - 16__

| | |
|---|---|
| *Process papers released to: | GATILAIO (C121) |
| | (PRINT NAME) |
| 7 - 227 3353 | |
| *(CONTACT NUMBER) | (SIGNATURE) |
| *Process papers released by: | Shaniece Richardson |
| | (PRINT NAME) |
| | Shaniece Richardson |
| | (SIGNATURE) |

* Date: __6-8-16__ , 2016   Time: __100__ AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Revised 12-15-2014

# CIVIL CASE INFORMATION SHEET

6/3/2016 4:41:49 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10973730
By: CUERO, NELSON
Filed: 6/3/2016 4:41:49 PM

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _**2016-37282 / Court: 333**_   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _Delwin Davis, II vs. FirstFleet, Inc._
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Contact information | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| Name: Jason C. Webster <br><br> Email: filing@thewebsterlawfirm.com | Plaintiff(s)/Petitioner(s): <br> Delwin Davis, II | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| Address: 6200 Savoy Drive, Suite 150 <br><br> Telephone: (713) 581-3900 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, Texas 77036 <br><br> Fax: (713) 581-3907 | Defendant(s)/Respondent(s): <br> FirstFleet, Inc. | Custodial Parent: |
| Signature: /s/ Jason C. Webster <br><br> State Bar No: 24033318 | | Non-Custodial Parent: <br><br> Presumed Father: |
|  | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: ___ | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional <br> Liability: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: ___ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other |
| *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: ___ | ☒ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability <br> List Product: ___ <br><br> ☐ Other Injury or Damage: ___ | **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: ___ | **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order | |
| | | **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: ___ | **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: ___ | |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: ___ | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: ___ | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: ___ |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

DEFENDANT'S EXHIBIT
C
ALL-STATE LEGAL®

Rev 2/13

# Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.  If the original petition, application or post-judgment petition or motion is e-filed, the case information sheet must not be the lead document.

This sheet, required by Rule 78a of the Texas Rules of Civil Procedure, is intended to collect information that will be used for statistical and administrative purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment petition or motion should complete the sheet as follows:

**1. Contact information**

    **a) Contact information for person completing case information sheet.** Enter the following information:
- name;
- address;
- city, state, and zip code;
- email address;
- telephone number;
- fax number, if available;
- State Bar number, if the person is an attorney; and
- signature. (*NOTE: When a case information sheet is submitted electronically, the signature may be a scanned image or "/s/" and the name of the person completing the case information sheet typed in the space where the signature would otherwise appear.*)

    **b) Names of parties in the case.** Enter the name(s) of the:
      (*NOTE: If the name of a party to a case is confidential, enter the party's initials rather than the party's name.*)
- plaintiff(s) or petitioner(s);
- defendant(s) or respondent(s); and
- in child support cases, additional parties in the case, including the:
  - custodial parent;
  - non-custodial parent; and
  - presumed father.

    Attach an additional page as necessary to list all parties.

    **c) Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:
- an attorney for the plaintiff or petitioner;
- a *pro se* (self-represented) plaintiff or petitioner;
- the Title IV-D agency; or
- other (provide name of person or entity).

**2. Case type.**
    Select the case category that best reflects the most important issue in the case. *You must select only one.*

**3. Procedure or remedy.**
    If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

**4. Damages sought.**
    Select the damages being sought in the case:
    (*NOTE: If the claim is governed by the Family Code, do not indicate the damages sought.*)
- only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees;
- monetary relief over $100,000 or less and non-monetary relief;
- monetary relief over $100,000 but nor more than $200,000;
- monetary relief over $200,000 but less than $1,000,000; or
- monetary relief over $1,000,000.

6/3/2016 4:41:49 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10973730
By: Nelson Cuero
Filed: 6/3/2016 4:41:49 PM

# 2016-37282 / Court: 333

Cause No. _____

| | | |
|---|---|---|
| DELWIN DAVIS, II | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS  COUNTY, TEXAS |
| | § | |
| FIRSTFLEET, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DELWIN DAVIS, II**, Plaintiff in the above entitled and numbered cause, complaining of and against, **FIRSTFLEET, INC.,** Defendant herein, and for cause of action would respectfully show unto the Court the following:

### I.   DISCOVERY CONTROL PLAN

1.1   Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level III.

### II.   PARTIES

2.1.   Plaintiff Delwin Davis, II, is a resident of Harris County, Texas.

2.2.   Defendant, FirstFleet Inc., is an Alabama corporation engaged in interstate commerce and doing business in the State of Texas and can be served through its registered agent CT Corporation System located at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104-3821.

### III.   VENUE AND JURISDICTION

---



3.1 Venue is proper and maintainable in Harris County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the claims made the basis of this lawsuit occurred in Harris County, Texas.

3.2 This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

3.3 Defendant transports products and services throughout the United States, including, but not limited to the State of Texas, knowing that they are engaging in interstate commerce and are subject to the laws of the states in which they are traveling.

3.4 Defendant, therefore, had a reasonable expectation that it would be hailed into any Court within these United States in which they engaged in commerce, including a Court in the State of Texas, by reason of injecting its products and/or services into a stream of commerce, especially given that it owns/operates tractor-trailers which facilitates intrinsically interstate and international travel.

## IV. FACTS

4.1 On or about January 20, 2015, at approximately 9:00 p.m., Plaintiff Delwin Davis, II, was headed southbound on Sugar Pine Drive to his home near the 16800 block. On the same stretch of Sugar Pine Drive, a tractor-trailer owned by Defendant, FirstFleet Inc., was parked in Plaintiff's driving lane. While parked, the tractor-trailer had no emergency lights, hazard lights, or any other lighting to bring awareness to any driver that a tractor-trailer was parked in a driving lane. Plaintiff swerved to the left in an attempt to avoid the collision but still struck the rear of the parked tractor-trailer, suffering serious injuries. At the time of the incident, there was no operator or driver inside the parked tractor-trailer.

4.2     Nothing that Plaintiff did or failed to do on the occasion in question caused or in any way contributed to his injuries. Due to the actions of the Defendant in this incident, at the time of the collision, there were little to no maneuvers that any driver in Plaintiff's position could have taken to avoid this collision.

4.3     The collision was proximately caused by the negligence and gross negligence of Defendant.

## V.     NEGLIGENCE AGAINST FIRSTFLEET INC.

5.1.    On information and belief, the unknown driver of the parked tractor-trailer, was an agent and/or servant of Defendant, FirstFleet Inc. As such, Defendant, FirstFleet, Inc. is responsible for the conduct of the unknown driver due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior. As such, Defendant FirstFleet, Inc. is responsible for the conduct of its driver among other acts and omissions of negligence which may be shown at the trial of this cause.

5.2.    Additionally, and without waiving any of the foregoing, said Defendant, FirstFleet Inc. negligently entrusted the vehicle and duties and responsibilities to the driver, because it knew and/or had reason to know that he/she was not a safe and prudent driver. The negligence was a proximate cause of Plaintiff's injuries.

5.3.    Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and the injuries sustained by Plaintiff.

5.4.    Plaintiff would show that nothing that Plaintiff did, or failed to do, in any way contributed to this accident.

## VI. PUNITIVE DAMAGES

6.1     Plaintiff hereby incorporates by reference, as if fully set forth herein, all preceding paragraphs.

6.2     The acts and/or omissions of the Defendant, as set forth herein, were also such knowing and willful failures to abide by the traffic laws of the state of Texas as well as the Federal Motor Carrier Safety Regulations, they constitute malicious, willful, wanton, grossly negligent and/or

reckless conduct.   Said acts and/or omissions proximately caused or contributed to Plaintiff's injuries as such give rise to, and warrant, the imposition by a jury of significant punitive damages in an amount to be determined by the jury of no more than $10 million dollars against Defendant.

## VII.   DAMAGES

7.1     Plaintiff seeks the following elements of damage, which exceed the minimum jurisdictional limits of this Court excluding interest and costs:

  a)  Physical pain and mental anguish in the past;

  b)  Physical pain and mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

  c)  Physical impairment sustained in the past;

  d)  Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;

  e)  Medical care expenses incurred in the past;

  f)  Medical care expenses that, in reasonable probability, Plaintiff will suffer in the future;

  g)  Physical disfigurement in the past;

  h)  Physical disfigurement that, in reasonable probability, Plaintiff will suffer in the future;

  i)  Loss of earning capacity sustained in the past;

  j)  Loss of earning capacity that, in reasonable probability, Plaintiff will suffer in the future;

  k)  Pre-judgment and post-judgment interest; and,

  l)  All other damages to which Plaintiff is justly entitled.

7.2     Plaintiff reserves the right to plead additional and more specific damages in the future as more facts become known.   Plaintiff seeks both past and future damages. Damages far exceed the minimum jurisdictional limits of this Court.   As such, Plaintiff affirmatively pleads that he

seek monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees; and a demand for all the other relief to which the parties deem themselves entitled.

## VIII.  DAMAGES CONSIDERED SEPARATELY

8.1     Plaintiff respectfully asserts his request that Plaintiff be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for the injuries, losses and damages incurred, and to be incurred, and that each element of Plaintiff's damages be considered separately and individually, segregating the past and future losses, so that pre-judgment interest due Plaintiff may be computed.

## IX.     RULE 193.7 NOTICE

9.1     Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff intends to rely upon the authenticity of any document a Defendant produces in discovery.

## X.      REQUESTS FOR DISCLOSURE

10.1    Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, within (50) days of service of the request, the information material described in Rule 194.2.

## XI.     JURY DEMAND

11.1    Plaintiff demands a trial by jury to resolve all fact issues in this case and has paid the appropriate fee.

## XII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendant, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and

equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

THE WEBSTER LAW FIRM

By: /s/ Jason C. Webster
JASON C. WEBSTER
State Bar No. 24033318
HEIDI O. VICKNAIR
State Bar No. 24046557
OMAR R. CHAWDHARY
State Bar No. 24082807
DAVID A. SPRADLING
State Bar No. 24099976
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@thewebsterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

6/22/2016 2:57:20 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11282379
By: Kenya Kossie
Filed: 6/22/2016 2:57:20 PM

CAUSE NO. 201637282

RECEIPT NO.                                    0.00      CIV
**********                          TR # 73254364

| | |
|---|---|
| PLAINTIFF: DAVIS, DELWIN II<br>vs.<br>DEFENDANT: FIRSTFLEET INC | In The    333rd<br>Judicial District Court<br>of Harris County, Texas<br>333RD DISTRICT COURT<br>Houston, TX |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

TO: FIRSTFLEET INC (AN ALABAMA CORPORATION) BY SERVING THROUGH ITS
    REGISTERED AGENT CT CORPORATION SYSTEM
    2 NORTH JACKSON STREET SUITE 605   MONTGOMERY  AL  36104 - 3821

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 3rd day of June, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 6th day of June, 2016, under my hand and
seal of said Court.

Issued at request of:                         CHRIS DANIEL, District Clerk
WEBSTER, JASON CHARLES                        Harris County, Texas
6200 SAVOY, SUITE 515                         201 Caroline, Houston, Texas 77002
HOUSTON, TX  77036                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 581-3900
Bar No.: 24033318                             Generated By: CUERO, NELSON  7MM//10401585

OFFICER/AUTHORIZED PERSON RETURN

    Received on the _____ day of _____, _____, at _____ o'clock _____ .M., and

executed the same in _____ County, Texas, on the _____ day of _____, _____, at

_____ o'clock _____.M., by summoning the _____,

                    by delivering to _____, in person _____
a corporation <
                    by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy ___ $ _____

_____               By _____
        Affiant                                            Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.


                                              _____
                                                        Notary Public


N.IW7.INSC.P                    *73254364*



## NO. 2016-37282

| | | |
|---|---|---|
| DELWIN DAVIS, II | § § § | IN THE 333RD JUDICIAL DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| FIRSTFLEET, INC. | § | |

### AFFIDAVIT OF SERVICE

**BEFORE ME,** the undersigned authority, on this day _____(server), personally appeared and stated under oath as follows:

1. My name is **Anthony Mims** (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

_____105 County Rd 100   Montevallo Al_____
**(SERVERS ADDRESS)**

2. ON ___6-10-2016___ (DATE) AT ___3___ : ___10___ (P)M (TIME) PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,   CITATION (NON-RESIDENT CORPORATE) came to hand for delivery to **FIRSTFLEET INC (AN ALABAMA CORPORATION) BY SERVING THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM.**

3. ON ___6-10-2016___ (DATE) AT ___2___ : ___10___ (P) M (TIME) The above named documents were delivered to: **FIRSTFLEET INC (AN ALABAMA CORPORATION) BY SERVING THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM** by delivering to:

_____Mary Ann  Nichols_____ (N
**AME AND TITLE)** a person authorized to accept service @

____2 North Jackson St  Suite 401  Montgomery Al.__(A
**DDRESS),** by Corporate Service, in accordance to Rule 108 TRCP.

**FURTHER AFFIANT SAYETH NOT.**

_____
**SERVER'S SIGNATURE**

_____Anthony Mims_____
**SERVER'S PRINTED NAME**

**SWORN TO AND SUBSCRIBED** before me by ___Anthony Mims__(server) appeared on this __6-10-2016__ day of ____June____, 2016 to attest witness my hand and seal of office.

_____
**NOTARY PUBLIC IN AND**
**FOR THE STATE OF** ___Alabama___
                        2015.06.148734

NOTARY PUBLIC
**SCOTT G HADLY**
ALABAMA, STATE AT LARGE
My Commission Expires May 16, 2018

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELWIN DAVIS, II | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:16-cv-1946 |
| | § | |
| FIRSTFLEET, INC. | § | JURY REQUESTED |

## LIST OF PARTIES, COUNSEL OF RECORD AND STATUS

**PLAINTIFF:**                                         **DEFENDANT:**
Delwin Davis, II                                        FirstFleet, Inc.

## ATTORNEYS:

**ATTORNEY FOR PLAINTIFF:**              **ATTORNEY FOR DEFENDANT**
Jason Webster                                       Roger D. Oppenheim
SBN:  24033318                                   SBN:  15293400
FBN:                                                      FBN:  14205
THE WESBSTER LAW FIRM                    LORANCE & THOMPSON, PC
6200 Savoy Drive, Ste. 150                    2900 North Loop West, Ste. 500
Houston, TX 77036                               Houston, TX 77092
713/581-3900                                        713/868-5560
713/581-3907 (fax)                               713/864-4671 (fax)
filing@thewesterlawfirm.com               rdo@lorancethompson.com

## STATUS OF REMOVED CASE:

June 3, 2016            Plaintiff's Original Petition and Requests for Disclosure

July 1, 2016            Defendant's Notice of Removal

Defendant, FirstFleet, Inc., has been served with the Plaintiff's  Original Petition.
Defendant has not filed responses to written discovery.  No depositions have been taken.  The
matter has not been mediated.  The case has no trial setting or other court ordered deadlines.

Respectfully submitted,

/s/ Roger D. Oppenheim

_____
Roger D. Oppenheim
FBN: 14206
SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
FIRSTFLEET, INC.

### CERTIFICATE OF SERVICE

On this 1st day of July, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Jason Webster
**THE WEBSTER LAW FIRM**
6200 Savoy Drive, Ste. 150
Houston, TX 77036
filing@thewebsterlawfirm.com

/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim

582370.1 PLD 0002686 10380 RDO